**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1498-24

ALBERT DILL, as Executor of the
Estate of Claude V. Offray, Jr.,
and as Co-Trustee of the Revocable
Trust, Credit Shelter Trust, Exempt
Marital Trust, and Non-Exempt
Marital Trust under the Revocable
Trust Agreement, and BANK OF
AMERICA, N.A., as Co-Trustee of
the Revocable Trust, Credit Shelter
Trust, Exempt Marital Trust, and
Non-Exempt Marital Trust under the
Revocable Trust Agreement,

     Plaintiffs-Respondents,

v.

CLAUDE V. OFFRAY, III, as
beneficiary of the Claude V. Offray, Jr.
Trusts u/a/d March 3, 2011, as Amended
and Restated on June 4, 2013, and as
Amended on February 26, 2014,

     Defendant-Appellant,

and

DENISE OFFRAY, as beneficiary of
the Claude V. Offray, Jr. Trusts u/a/d

March 3, 2011, as Amended and Restated
on June 4, 2013, and as Amended on
February 26, 2014,

Defendant-Respondent.

_____

Argued February 24, 2026 – Decided March 17, 2026

Before Judges Firko, Perez Friscia, and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0958-24.

Craig S. Provorny argued the cause for appellant (Herold Law, PA, attorneys; Craig S. Provorny, on the briefs).

Brian W. Shaffer (Morgan, Lewis & Bockius, LLP) and Thomas J. Coffey, III, argued the cause for respondents (Brian W. Shaffer, attorney for respondent Bank of America, N.A.; Donnelly Minter & Kelly, LLC, attorneys for respondent Albert Dill; Brian W. Shaffer and Patrick B. Minter, of counsel and on the joint brief).

PER CURIAM

Defendant Claude V. Offray, III, as beneficiary of the Claude V. Offray, Jr. Trusts u/a/d March 3, 2011, as amended and restated on June 4, 2013, and as amended on February 26, 2014, appeals from the December 13, 2024 Law Division order granting the motions to dismiss defendant's amended counterclaims. The motions to dismiss were filed by plaintiffs Albert Dill, as Executor of the Estate of Claude V. Offray, Jr., and as Co-Trustee of the

2

Revocable Trust, Credit Shelter Trust, Exempt Marital Trust, and Non-Exempt Marital Trust under the Revocable Trust Agreement, and Bank of America, N.A., as Co-Trustee of the Revocable Trust, Credit Shelter Trust, Exempt Marital Trust, and Non-Exempt Marital Trust under the Revocable Trust Agreement.[1] Having reviewed the record, parties' arguments, and applicable law, we affirm.

---

[1] Defendant asserts in a footnote in his merits brief that while he does "not agree with the trial court's dismissal of [c]ount [one] of the [a]mended [c]ounterclaim[s, he] is not appealing that portion of the trial court's decision." He references the effect of "related litigation" on his decision not to appeal and seeks to "reserve[] [the] right to appeal." However, defendant's notice of appeal acknowledges he is appealing from the court's December 13, 2024 order without reservation. Any challenge to the court's dismissal of count one is waived because defendant failed to formally brief and properly raise any such issues on appeal. See In re Bloomingdale Convalescent Ctr., 233 N.J. Super. 46, 49 n.1 (App. Div. 1989) (dismissing an appeal that was not briefed); see also State v. D.F.W., 468 N.J. Super. 422, 447 (App. Div. 2021) (disallowing consideration of issues not formally briefed by defendant); see also Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (determining that the failure on appeal to brief an issue is an abandonment of that issue); see also R. 2:6-2(a)(6). We also highlight that although the court partially dismissed defendant's claim under count two without prejudice, defendant filed an appeal as of right, accepting that an amendment would be futile. Defendant's appeal was thus accepted as final and appealable as of right. See Rubin v. Tress, 464 N.J. Super. 49, 56 n.3 (App. Div. 2020) (explaining an order that "disposes of all issues as to all parties" may be appealable as of right, "depend[ing on the] circumstances") (quotations and citations omitted).

I.

Defendant's father, Claude V. Offray, Jr. (C.V.O., Jr.), executed comprehensive estate planning. C.V.O., Jr. created a Revocable Trust Agreement (RTA) dated March 3, 2011. He thereafter amended the RTA on June 4, 2013 and February 26, 2014. C.V.O., Jr. had a Last Will and Testament (Will) dated June 4, 2013 and died on May 31, 2014.

Dill is the executor of C.V.O., Jr.'s estate. Plaintiffs are the co-trustees of the following four trusts established under the RTA: the Amended and Restated Revocable Living Trust (the Revocable Trust), the Credit Shelter Trust (the CST Trust), the Exempt Marital Trust, and the Non-Exempt Marital Trust. Under the RTA, they were also the co-trustees of the generation-skipping transfer trust (GST Trust) and the non-generation skipping transfer trust (Non-GST Trust).

C.V.O., Jr.'s Will devised all his assets to the Revocable Trust. After certain bequests, the RTA directs all remaining trust assets of the Revocable Trust to be held by plaintiffs in the Marital Trusts, which consist of the Non-Exempt Marital Trust and the Exempt Marital Trust, and the CST Trust. The Marital Trusts' "set aside" amount was directed to be "the minimum amount necessary to reduce federal estate tax." The Exempt Marital Trust was funded with assets having a value of $3,486,904. The balance of the set aside amount

4

A-1498-24

funded the Non-Exempt Marital Trust. Further, the remaining balance of all other assets held in the Revocable Trust after the creation of the Marital Trusts, including any other assets transferred to the Revocable Trust from the Estate of C.V.O., Jr., funded the CST Trust. The CST Trust was funded with assets having a value of $1,203,096.

Further, the RTA directed plaintiffs to pay from the Marital Trusts the entire income to or for the benefit of C.V.O., Jr.'s spouse, Gloria Ann Offray (G.A.O.), for her lifetime and permitted plaintiffs to pay principal to or for the benefit of her health, education, maintenance, and support. The CST Trust provided that plaintiffs had the discretion to pay income and principal from the CST Trust to or for the benefit of G.A.O. for her health, education, maintenance, and support for her lifetime. G.A.O. died on March 24, 2021.

The RTA, which governed the CST Trust and the Marital Trusts, provided that upon G.A.O.'s death, the remaining undistributed income from the Marital Trusts would be transferred to G.A.O.'s estate. The assets that plaintiffs were to hold in the CST Trust and Non-Exempt Marital Trust were then to be divided into two equal shares for C.V.O., Jr. and G.A.O.'s children, defendant and Denise Offray (D.A.O.), to be held in trust. Thus, defendant and D.A.O. were

5

to equally share the remaining assets held by plaintiffs in the GST Trust and Non-GST Trust.

On April 20, 2023, plaintiffs filed an order to show cause and verified complaint in the Probate Part seeking direction regarding the distribution of the four trusts pursuant to the RTA and for a postponement of the funding. Plaintiffs filed the action because defendant had filed a tort lawsuit in 2021 against C.V.O. Jr.'s and G.A.O.'s estates. Because defendant's lawsuit had the potential to affect the trusts' corpus, plaintiffs filed the Probate Part action. Plaintiffs had an obligation to administer the trusts and to statutorily defend the estate's assets against unmeritorious claims for the benefit of all beneficiaries as well as simultaneously preserving the assets of the estate for any payment lawfully due to creditors.

On June 15, 2023, defendant filed an answer and counterclaims. Thereafter, in September 2023, the parties resolved plaintiffs' claims in the Probate action and defendant's remaining counterclaims were transferred to the Law Division.

On September 4, 2024, defendant amended his counterclaims after receiving plaintiffs' accountings. Defendant alleged the following counterclaims: breach of fiduciary duty (count one); and violations of the

6

Prudent Investor Act (PIA), N.J.S.A. 3B:20-11.1 to -11.12 (count two). Under count two, defendant claimed plaintiffs mismanaged the trusts' investments because: the trusts' balance of principal and income was only $22,824,670.45 as of March 24, 2023; the trusts' balance at the time of G.A.O.'s death in March 2021 was $21,681,217.45; and the trusts accrued a total income of $1,143,453 in the two years since G.A.O.'s death. Defendant's allegations were based on plaintiffs' accountings provided in May and June 2024. He also asserted plaintiffs were liable for failing to ensure the trusts' investments of securities and equities were adjusted and managed in a manner that would generate a reasonable rate of return and "earn[ing] a severely inadequate rate of return on the principal" of the trusts "from May 31, 2014 to February 29, 2024."

In September 2024, plaintiffs moved to dismiss the amended counterclaims for failure to state a claim. Plaintiffs specifically alleged defendant failed to join his children as indispensable parties, lacked standing to challenge plaintiffs' actions prior to G.A.O.'s death, and failed to aver any facts to support a cognizable PIA claim.

After argument in November 2024, the court dismissed count one of defendant's counterclaims for "breach of fiduciary duty based on plaintiffs' failure to fund the GST and Non-GST [T]rust[s]," finding defendant had "not

7

set forth or plead a sufficient claim . . . since both the [c]onsent [o]rder [entered in the chancery litigation in September 2023] and the RTA" granted plaintiffs "discretionary power" "to withhold funding the GST and Non-GST [Trusts]." Additionally, the court dismissed count two finding defendant lacked standing, failed to sufficiently plead a PIA claim alleging plaintiffs had an improper "investment approach[] that led to [an] inadequate rate of return," and failed to name his children who were indispensable parties "since they possessed [his p]owers of [a]ttorney." Regarding the failure to state a PIA claim, the court held defendant alleged no facts supporting that plaintiffs "either engaged in or failed to engage in [conduct] that led to an inadequate return."

On appeal, defendant contends the court committed the following errors: ignored caselaw in finding defendant lacked standing to challenge plaintiffs' actions during the lifetime of G.A.O. even though no accountings were previously submitted; determined he failed to state a PIA cause of action based on plaintiffs' failure to obtain a reasonable income from their investment of the trusts' assets; and found defendant's "adult children were indispensable parties to the litigation because they held powers of attorney for the defendant and they are remainder beneficiaries."

8

## II.

The "decision granting or denying a motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e) is reviewed de novo." Maia v. IEW Constr. Grp., 257 N.J. 330, 341 (2024). We afford "no deference to the trial court's legal conclusions." Kennedy v. Weichert Co., 257 N.J. 290, 302 (2024). "The plaintiff is entitled to the benefit of every reasonable inference as we 'search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Pace v. Hamilton Cove, 258 N.J. 82, 96 (2024) (omission in original) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). When deciding a motion to dismiss under Rule 4:6-2(e), "[t]he test for determining the adequacy of a pleading [is] whether a cause of action is 'suggested' by the facts." MasTec Renewables Constr. Co. v. SunLight Gen. Mercer Solar, LLC, 462 N.J. Super. 297, 309 (App. Div. 2020) (second alteration in original) (quoting Printing Mart-Morristown, 116 N.J. at 746).

"[W]e assume that the allegations in the pleadings are true and afford the pleader all reasonable inferences." Sparroween, LLC v. Township of West Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017). We are not concerned

with a pleading party's ability to prove its allegations. Printing Mart-Morristown, 116 N.J. at 746. "Nonetheless, 'the essential facts supporting plaintiff's cause of action must be presented in order for the claim to survive; conclusory allegations are insufficient in that regard.'" AC Ocean Walk, LLC v. Am. Guarantee & Liab. Ins. Co., 256 N.J. 294, 311 (2024) (quoting Scheidt v. DRS Techs., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012)). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

"Where, however, it is clear that the complaint states no basis for relief and that discovery would not provide one, dismissal of the complaint is appropriate." Johnson v. City of Hoboken, 476 N.J. Super. 361, 371 (App. Div. 2023) (quoting Sparroween, LLC, 452 N.J. Super. at 339). Courts "may consider documents specifically referenced in the complaint 'without converting the motion into one for summary judgment.'" Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015) (quoting E. Dickerson & Son, Inc. v. Ernst & Young, LLP, 361 N.J. Super. 362, 365 n.1 (App. Div. 2003), aff'd, 179 N.J. 500 (2004)). "In evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and

10

documents that form the basis of a claim.'" Ibid. (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005)).

The Uniform Trust Code (UTC), N.J.S.A. 3B:31-1 to -84, sets forth a trustee's fiduciary obligations. The UTC establishes that a trustee is required to "exercise reasonable care, skill, and caution." N.J.S.A. 3B:31-57.

"A fiduciary administering a New Jersey trust is governed by the standard set forth in the New Jersey [PIA] law." In re Will of Maxwell, 306 N.J. Super. 563, 585 (App. Div. 1997) (quoting Robertson v. Cent. Jersey Bank & Trust Co., 47 F.3d 1268, 1273 (3d Cir. 1995)). The PIA, N.J.S.A. 3B:20-11.1 to -11.12, addresses a fiduciary's obligations. "[A] fiduciary who invests and manages trust assets owes a duty to the beneficiaries of the trust to comply with the prudent investor rule." N.J.S.A. 3B:20-11.2(a). "The prudent investor rule is a default rule that may be expanded, restricted, eliminated, or otherwise altered by express provisions of the trust instrument. A fiduciary is not liable to a beneficiary to the extent that the fiduciary acted in reasonable reliance on those express provisions." N.J.S.A. 3B:20-11.2(b). A "trustee is under a duty to 'invest and manage the trust assets solely in the interest of the beneficiaries.'" In re Gloria T. Mann Revocable Tr., 468 N.J. Super. 160, 172 (App. Div. 2021) (quoting N.J.S.A. 3B:20-11.5).

A-1498-24

The PIA provides the following regarding the investment and management of trust funds:

> a. A fiduciary shall invest and manage trust assets as a prudent investor would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust. In satisfying this standard, the fiduciary shall exercise reasonable care, skill, and caution.
>
> b. A fiduciary's investment and management decisions respecting individual assets shall not be evaluated in isolation, but in the context of the trust portfolio as a whole and as a part of an overall investment strategy having risk and return objectives reasonably suited to the trust.
>
> [N.J.S.A. 3B:20-11.3(a) to (b).]

The PIA also delineates the following non-exclusive list of "circumstances that the fiduciary shall consider in investing and managing trust assets . . . relevant to the trust and its beneficiaries":

> (1) general economic conditions;
>
> (2) the possible effect of inflation or deflation;
>
> (3) the expected tax consequences of investment decisions or strategies;
>
> (4) the role that each investment or course of action plays within the overall trust portfolio;
>
> (5) the expected total return from income and the appreciation of capital;

A-1498-24

(6) other resources of the beneficiaries;

(7) the need for liquidity, for regularity of income, and for preservation or appreciation of capital; and

(8) an asset's special relationship or special value, if any, to the purposes of the trust or to one or more of the beneficiaries as, for example, an interest in a closely-held enterprise, tangible and intangible personalty, or real estate.

[N.J.S.A. 3B:20-11.3(d).]

### III.

Defendant argues the court's dismissal of count two warrants reversal because the court erred in finding he lacked standing, failed to sufficiently plead a cognizable cause of action, and failed to name indispensable parties. After a review of the record, we part ways with the court's finding that defendant lacked standing but affirm because he failed to sufficiently plead the fundament of a PIA claim against plaintiffs.

We first address the court's determination that defendant lacked standing to bring a PIA counterclaim against plaintiffs for investment mismanagement committed while G.A.O. was alive. The court found defendant lacked "standing to challenge any 'unreasonable rate of returns' relating to the income and principal balance prior to . . . [G.A.O.']s death on March 24, 2021." The court reasoned defendant lacked standing to claim plaintiffs had mismanaged the

13

trusts' investments because his "status as a beneficiary vested only when . . . [G.A.O.] died since any principal and income that he would be entitled to, either through the equal share or through the GST and [N]on-GST [T]rusts, only [came] to fruition after" her death. Defendant maintains he has standing because plaintiffs owed him a duty of care as a remainder beneficiary and that under the PIA they failed "to adjust the [t]rusts' and [e]state's investments of securities and equities in a manner that generat[ed] a reasonable rate of return."

Relevant to the standing issue, the UTC defines a trust beneficiary as a person "who has any present or future interest, vested or contingent," in the trust. N.J.S.A. 3B:31-3. "Interests of the beneficiaries" is defined to mean "the beneficial interests provided in the terms of the trust." Ibid. Further, a fiduciary is required to "administer a trust or estate impartially, based on what is fair and reasonable to all of the beneficiaries, except to the extent that the terms of the trust or the will clearly manifest an intention that the fiduciary shall or may favor one or more of the beneficiaries." N.J.S.A. 3B:19B-3(b). A remainder beneficiary is a "person entitled to receive [trust] principal when an income interest ends." N.J.S.A. 3B:19-2. Plaintiffs cite no binding authority that excludes a remainder beneficiary with a future contingent interest in a trust from having standing to bring a claim. See Maxwell, 306 N.J. Super. at 585

14

(explaining "a trustee representing beneficiaries in succession is under a duty . . . to act with due regard to their respective interests and to preserve the trust property for the remainder-persons, and not just make it productive of a reasonable income for the benefit of the life beneficiaries"). We, thus, conclude defendant had standing to allege a PIA claim.

As we have determined defendant had standing, we next turn to address his argument that the court erred in dismissing his PIA claim under count two for failing to sufficiently plead the fundament of a cause of action. Defendant's PIA claim against plaintiffs is based on their alleged failure to properly invest the trusts' funds to obtain a reasonable "rate of return." He maintained that in the two years since G.A.O.'s death, plaintiffs mismanaged the trusts because the "income accrued . . . total[ed] $1,143,453." The trusts' balance over the two years increased from $21,681,217.45 to $22,824,670.45. While defendant's second count states five separate times that plaintiffs failed "to adjust the [t]rusts' and [e]state's investments of securities and equities in a manner to generate a reasonable rate of return on the principal," these bare statements alone do not state a PIA claim.

The court correctly found defendant's PIA claim fails to allege any conduct "that led to an inadequate return." Moreover, defendant asserts no facts

15

to support that the rate of return was deficient nor any facts showing that an accepted standard under the PIA was breached. Specifically, defendant's counterclaim references no error by plaintiffs in the accountings, specific deficiency, or improper investment approaches. Defendant concedes the trusts' value increased and asserts no fact that the actions were insufficient or unreasonable. See In re Est. of Bayles, 108 N.J. Super. 446, 454 (App. Div. 1970) (explaining that "[w]ith respect to assets coming into his [or her] charge, the additional burden is cast upon [a trustee] as [a] fiduciary to act more cautiously than he [or she] would be required to act in the management of his [or her] own property"). Further, while defendant acknowledges plaintiffs were involved in multiple lawsuits on behalf of the trusts, his counterclaim does not account for the costs of the litigation or any other financial distributions. Thus, defendant's PIA claim is bereft of sufficient facts to support a cognizable claim that plaintiffs failed to act as prudent investors.

Regarding plaintiffs' investment powers, we also note under Article X, Section 10.1(i) of the RTA, plaintiffs were permitted to "disregard any principle of investment diversification and to retain any part or all such interest as long as [plaintiffs] shall consider it advisable to do so." Section (i)'s provision appears to comport with N.J.S.A. 3B:20-11.2(b), which permits the "trust

instrument" to restrict or eliminate in whole or in part the "prudent investor rule." Thus, as noted by the court, defendant alleged no facts as to why plaintiffs' investments were unreasonable and alleged no depreciation in the trusts' value. For these reasons, based upon our de novo review, we conclude defendant failed to state the fundament of a PIA claim against plaintiffs.

Having found dismissal of defendant's counterclaims was appropriate, it bears noting that we accept defendant has appealed as of right because an amendment would have been futile. Prime Acct. Dep't v. Township of Carney's Point, 212 N.J. 493, 511 (2013) (quoting Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006) (finding that because an amended claim would fail, "allowing the amendment would be a useless endeavor")). To the extent that we have not addressed defendant's remaining contentions, it is because they lack sufficient merit to be discussed in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-1498-24